IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DARLA BUCHANAN                                                                                         PLAINTIFF

v.                                        Civil No. 6:25-cv-06043-SOH-MEF

PAROLE OFFICER ZIMMERMAN
(Department of Community Corrections) and
ARKANSAS COMMUNITY CORRECTIONS DEPARTMENT              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

**I. BACKGROUND**

Plaintiff filed her Complaint on May 5, 2025. (ECF No. 1). That same day, the Clerk of Court entered a Clerk's Notice advising Plaintiff that she must either pay the case filing fee or submit an *in forma pauperis* (IFP) application by May 19, 2025. On May 21, 2025, the Clerk's Office sent Plaintiff an email advising her that she must submit either a filing fee or an IFP application by close of business on Friday, May 23, 2025. On May 27, 2025, Plaintiff sent the Clerk's Office an email, stating she was planning on submitting an IFP application in person. The Clerk replied to the email, informing her that the case was still pending but she must submit her IFP as soon as possible. To date, Plaintiff has failed to submit either her filing fee or her IFP application. Nor has she contacted to Clerk's Office again.

1

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Based on her contact with the Clerk's Office, Plaintiff was aware of the both the need to either pay the filing fee or submit an IFP application, and the deadline to do so.  She was given an additional 21 days to submit either one; and she has not complied.  Thus, Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE